IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



PUNALERO DANCINGBUCK,

    Plaintiff,

v.                             Civil Action No. 3:17CV659

C. YOUNG, et al.,

    Defendants.

**MEMORANDUM OPINION**

Punalero Dancingbuck, a Virginia inmate proceeding pro se, filed this 42 U.S.C. § 1983 action. The action proceeds on the PARTICULARIZED COMPLAINT. ("Complaint," ECF No. 15.) The matter is before the Court on the Motion to Dismiss filed by Investigator Young and Nurse Sidi. For the reasons that follow, the Motion to Dismiss (ECF No. 19) will be granted because the action is barred by the relevant statute of limitations.

**I.   PRELIMINARY REVIEW**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim,

a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

While the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF PERTINENT ALLEGATIONS

By Memorandum Order entered on February 26, 2018, the Court directed Dancingbuck to particularize his complaint in order to provide the defendants with fair notice of the facts and legal basis upon which their liability rests. (ECF No. 14.)[1]

---

[1] The Court also directed Dancingbuck to list all of the defendants in the first paragraph of the forthcoming complaint. Investigator Young and Nurse Sidi are the only individuals

2

Dancingbuck's response is hardly a model of clarity. As best as can be discerned, Dancingbuck contends that Investigator Young and Nurse Sidi violated his rights under the Eighth Amendment by their unidentified conduct between July 13 and July 16, 2015, which somehow caused damage to Dancingbuck's gastrointestinal track. (Compl. 1.) Specifically, with respect to Defendant Young, Dancingbuck alleges that:[2]

> Inv. Young's criminal acts nearly caused my death. Taken to E.R. . . . Spent 3 days for treatment of emergency surgery at Southampton Memorial Hospital. . . . Prognosis: permanently damaged prostate, colon, internal/external painful hemorrhoids. . . . Investigator C. Young . . . nearly caused my death by his cruel & unusual punishment on 7.13.15, abuse & mistreatment began damage & bleeding G.I. track. I nearly bled out to death, till on, 7.16.15, so bad condition [that] I had to be taken [to] E.R. . . .

(Id. at 1.) With respect to Defendant Sidi, Dancingbuck alleges that:

> Nurse R. Sidi['s] criminal acts nearly caused my death. . . . Nurse R. Sidi's violation of 8th civil right nearly caused my death & has caused permanent injuries by her cruel & unusual punishment between 07.13.15 & 07.16.15, so bad condition I had to be taken to E.R. . . . .

(Id.)

---

listed in that paragraph of the Complaint. (Compl. 1.) Therefore, the Court declines to consider the other individuals mentioned on the final page of Dancingbuck's response to the particularize order and whose names Dancingbuck crossed out. (ECF No. 15-1, at 3.)

[2] The Court corrects the punctuation, spelling, and capitalization in the quotations from Dancingbuck's submissions.

3

## III. ANALYSIS

Because there is no explicit statute of limitations for 42 U.S.C. § 1983 actions, the courts borrow the personal injury statute of limitations from the relevant state. Nasim v. Warden, 64 F.3d 951, 955 (4th Cir. 1995) (citing Wilson v. Garcia, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. See Va. Code Ann. § 8.01-243(A) (West 2018). Hence, Dancingbuck was required to have filed his Complaint within two years from when the underlying claim accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, United States v. Kubrick, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." Almond v. Sisk, No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting Nasim, 64 F.3d at 955).

Dancingbuck's claims against Investigator Young and Nurse Sidi accrued at the latest on July 16, 2015 when he was treated for the injuries they allegedly caused to his gastrointestinal track. Thus, for Danckingbuck's claims to be timely he needed to file this action by July 1, 2017. The record in this matter indicates that Dancingbuck handed his original complaint in this matter to prison officials on September 14, 2017. (ECF No. 1-5,

at 1.) The Court deems the action filed as of that date. See Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (concluding inmate's civil action was filed for statute of limitation purposes when handed to prison officials for mailing). Accordingly, the present action is untimely.

Dancingbuck responds that the action is timely because the statute of limitations was "tolled under the 'continuous - treatment doctrine,' and James Herman Raynor v. Gerald Pugh Civ. Act. # 1:13CV01117-LMB-JFA." (ECF No. 22, at 1.) Initially, the Court notes that the cited case has nothing to with the statute of limitations. Even if the continuous treatment doctrine applied in the context of Eighth Amendment claims[3], it still would not save Dancingbuck's claim. "[T]he continuing treatment doctrine tolls the running of the statute of limitations while a patient is undergoing a 'continuous and substantially uninterrupted course of examination and treatment' for a particular ailment." Castillo v. Emergency Med. Assocs., P.A., 372 F.3d 643, 648 (4th Cir. 2004) (citing Farley v. Goode, 252 S.E.2d 594, 599 (Va. 1979)). Here, Dancingbuck fails to allege any facts that suggest that he received any care from Investigator Young and Nurse Sidi after July 16, 2015. Kelly v.

---

[3] See O'Neil v. United States, No. 5:07-0358, 2011 WL 4597362, at *7 n.2 (S.D. W. Va. Aug. 2, 2011) (concluding that the continuing treatment doctrine was inapplicable to deliberate indifference claims).

United States, No. 92-2420, 1993 WL 321581, at *2 (4th Cir. Aug. 23, 1993)(finding the continuous treatment doctrine inapplicable because plaintiff failed to indicate that after the date of the surgery she received further treatment from the defendant). Accordingly, Dancingbuck's claims are barred by the statute of limitations.

### IV. CONCLUSION

Defendants' Motion to Dismiss (ECF No. 19) will be granted. Dancingbuck's claims will be dismissed. The action will be dismissed. The Clerks will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of the Memorandum Opinion to Dancingbuck and counsel for Defendants.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: November 1, 2018
Richmond, Virginia

6